GOICOECHEA vs. LOUISIANA STATE INSUR
ANCE COMPANY.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This suit was instituted on a policy of insurance on goods on board the schooner *Isaac McKim*, from Havana, in the Island of Cuba, to Soto la Marina, in the republic of Mexico. The policy contains a warranty that

If there be a breach of warranty, no matter whether that breach were or not the cause of the condemnation, the assurers are discharged. Warranties in policies are of two kinds, affirmative and promis-

Eastern Dis't.  the insurers are to be " free from any charge,
*May*, 18 7.
                damage, or loss which may arise in conse-
GOICOEC HEA
      *vs.*      quence of engaging, or having been engaged,
LA. ST INS.
      Co        in illicit or prohibited trade, at any time what-

sory and both   soever."   The property insured is represented
are in the na-
tu.e of condi-  to be Spanish, and the premium paid is five per
tions prece-
dent.           cent.
      Written
parts of a po-
licy control       The schooner, on approaching the port of
those that are
printed,
where the       Soto la Marina, was taken possession of by an
written and
printed words   armed  vessel belonging to the Mexican gov-
contradict
each other.     ernment.   Proceedings were instituted against
      But where
they  do not,   her in a court of justice, and she and her car-
the whole in-
strument
must be con-    go were condemned.
strued toge-
ther.
      Where the    The grounds of condemnation, as stated in
policy has a
dec'aration in  the opinion of the  assessor and the final de-
writing  that
certain  pro-   cree of the court, are, that  the cargo belonged
perty insured
belongs to a    to the Spaniards; that it  was the produce of
country at
war with that   Spain; and that the  schooner sailed from an
where the
ship is bound
to, and it also enemy's port.
contains a
warranty           Some of the causes of condemnation being
against any
loss arising    *jure belli*, and others a breach of municipal
from illicit
trade, the in-  law, the question has  been raised, and very
surers are not
responsible
for a loss pro  fully argued, whether the defendants are pro-
ceeding from
the latter.     tected by the warranty in the policy against

                illicit trade.

                   In the case of *Cucullu* vs. *the present de-*

*fendants,* which lately underwent so much dis- cussion in this court, the judgment rendered went on the idea, that if there was a breach of warranty, no matter whether that breach was or was not the cause of condemnation and loss, the assurers were discharged.

By our law, warranties in policies of insurance are of two kinds, affirmative, or promissory, and they are considered in the nature of a condition precedent. That is, on the falsehood of the affirmative, or the non-performance of the executory stipulation, the contract becomes void, and is incapable of producing any obligation between the parties. The *lex mercatoria* of the continent of Europe has adopted the same principles, with this difference, perhaps, that there, a substantial compliance with the warranty is sufficient, while here it must be strictly, or, according to some, literally performed. Hence it follows, that as soon as a breach of the warranty is established, it is immaterial to enquire, whether the loss was occasioned by it or not; for the insured having failed to comply with the condition on which the insurer agreed to bind himself, the latter is discharged from all responsibility. *Condy's Marshall,* 348. 349, 436, 452. *Park on In-*

Eastern Dist,
  May 1827,

GOIC ECHEA
  vs
LA: St: Ins:
  Co:
*surance,* 422; *Philips, on Insurance,* 127;
*Emerigon, No.* 1, *cap.* 6, *sec.* 4, 164 *a* 168;
*Pothier on Ass. No.* 199; *Bonlay Paty
Cours de Droit Commercial, vol.* 3, *sec*
15, 507 *a* 510; *Code de Com. Franc. art-*
348.

It is unnecessary for us, therefore, to go into
an examination of the point so much discussed
at the bar, whether the breach of municipal
law, or the violation of the rights of Mexico
as a belligerent, was the principal cause of
condemnation. Whether the sentence shews
the one or other is immaterial, provided it
shews there was a breach of the warranty.

That it does, there cannot be a doubt. The
decree condemns the goods, because they are
enemy's property, and because they are about
to be introduced in violation of municipal law.
The last cause of condemnation proves that
the insured did not comply with his warranty;
and as that is a condition precedent to his right
of recovery, he cannot succeed in this action.
*See* 3 *Burrows,* 1419.

But the plaintiff contends that however cor-
rect such a doctrine may be in an ordinary
case, the rule cannot apply here, because the
terms of the contract do not authorise it.

The policy is in the usual form.   Immedi- ately after the clause of warranty against illicit trade, which makes a part of the printed instrument, there is written, " this insurance is declared to be on 74 boxes of white wax, marked S. C. valued at 7000 dollars, represented to be Spanish property."

These expressions being written, it is argued they must controul that part of the policy which is printed; and, therefore, the assurers are responsible, as, by the contract, they were informed the assured was about to embark on an illicit trade, and with that knowledge took the risk.   The high premium paid is offered as another argument in support of this construction.

The rule invoked by this argument, that the written parts of the policy should controul those that are printed, is correct, because the written words are the immediate language and terms stated by the parties themselves, for the expression of their meaning, and the printed ones, a general *formula*, made for all cases that may be presented.   But the rule cannot properly receive an application in cases other than those where the written and printed words so contradict each other that the one must

Eastern Dist.
May, 1827.

GOICOECHEA
vs.
LA. ST INS
Co.
yield to the other. Where they do not, the principle must necessarily be subordinate to another, to which the policy of insurance and all other contracts are subject in their interpretation, viz: that every part of them should have effect, if possible. This is a fundamental rule of construction, to which we do not, at this moment, recollect an exception, and it is founded on the plainest of reasons, namely; that it cannot be supposed that terms to which a meaning can be given, and which have an mportant bearing on the interests of the parties, were inserted or left in the contract, for no purpose. *Civil Code*, 270, *art.* 57; *Pothier on Ob. no.* 92: 1 *Burrowes*, 282.

The position, therefore, assumed by the plaintiff, will not bear the application of this principle. It is true, the insurers underwrote a policy which, among other risks, presented that of an illicit trade, but, at the same time, they declared that they would not assume the latter risk, and that he would take it on himself. Now, if we should say, that the representation of the property being Spanish, and that it was to be carried from an enemy's port to Soto la Marina, makes the insurers responsible for a breach of municipal law, then the

clause that the assured would take the risk of illicit trade means nothing. If, on the contrary, we give to this warranty its full effect, and say that the assurers were not to take that risk, we do not destroy that part of the policy which declares that the property was Spanish, and was to be carried from an enemy's port; because we still leave, as a subject for the contract to operate on, all other risks of the sea, and those proceeding from the war existing between Mexico and Spain. The latter interpretation is, therefore, that which the court is compelled to adopt, for by it we give effect to both clauses of the contract; by the other we would destroy one of them.

We have been referred by the counsel for the plaintiff, to a case decided in the circuit court of the U. S. for Pennsylvania, and a *nisi prius* decision in New York, where it was held, that when the insurer knows the cargo which he underwrites to be prohibited, he is not protected by the warranty that he is not to be responsible for illicit trade. No reason is given in either of these cases, why, on a voyage of this kind, the underwriter may not agree to take sea or war risks, and refuse those arising from seizure for illicit trade, and we are totally

Eastern Dist.
May, 1827.

GOICOECHEA
vs.
LA. ST. INS.
Co.

Eastern Dis't.
May, 1827.

GOICOECHEA,
vs.
LA. ST. INS.
Co.

at a loss to conceive on what grounds such an opinion can rest. Admitting that he is bound to know the municipal regulations of the country to which the goods are carried, he may certainly refuse to be answerable for a violation of them. Nothing prevents the parties to a contract of insurance from dividing the risks; the assurer may take all, or any portion as he thinks fit. These decisions, however, are in direct opposition to that given in the case of *Hubbard*, vs. *Church*, in the supreme court of the United States, and to that of *Higgins*, vs. *Pomeroy*, in the supreme court of Massachusetts. 2 *Cranch*, 232, 11 *Mass*. 104, 1 *Condy's Marshall*, 346. 1 *Anthon*, 26.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Grymes* for the plaintiff, *Eustis* for the defendant.